UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM H. MERRILL,

                                Plaintiff,

                v.

SGT. MIKE SCHELL and
CHRIS FELICE,

                               Defendants.

                           REPORT
                           and
                         RECOMMENDATION

                         11-CV-00720V(F)

_____

APPEARANCES:        GIBSON, McASKILL & CROSBY, LLP
                                   Attorneys for Plaintiff
                                   MICHAEL J. WILLETT, of Counsel
                                   69 Delaware Avenue
                                   Suite 900
                                   Buffalo, New York  14202-3866

                                   DAMON MOREY LLP
                                   Attorneys for Plaintiff
                                   TREVOR J. BARR, of Counsel
                                   200 Delaware Avenue
                                   Suite 1200
                                   Buffalo, New York  14202

                                   FRANK R. FISHER
                                   SENECA COUNTY DISTRICT ATTORNEY
                                   Attorney for Defendants
                                   One DiPronio Drive
                                   Waterloo, New York  13165

                                   WEBSTER SZANYI, LLP
                                   Attorneys for Defendants
                                   JEREMY A. COLBY, and
                                   MICHAEL P. McCLAREN, of Counsel
                                   1400 Liberty Building
                                   Buffalo, New York  14202

## JURISDICTION

On October 29, 2014, this case was referred to the undersigned by Hon. Richard J. Arcara,[1] for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motion to dismiss (Dkt. 59).

## BACKGROUND and FACTS[2]

On December 11, 2008, Plaintiff William Merrill ("Plaintiff" or "Merrill"), appeared for a child custody hearing before Seneca County Family Court at the Seneca County Courthouse ("the courthouse"), in Waterloo, New York, where Plaintiff was arrested by Defendant Investigator and Seneca County Sheriff's Deputy Christopher Felice ("Felice"), on an outstanding arrest warrant dated December 6, 2008, and signed by Waterloo Town Court Judge Marsh. Plaintiff, who was cooperative during the arrest, was handcuffed and taken outside the courthouse where Plaintiff was placed in Felice's patrol vehicle ("the patrol vehicle"), awaiting the arrival of Defendant Seneca County Sheriff's Deputy Michael Schell ("Schell"). When Schell arrived, Schell entered the patrol vehicle and threatened Plaintiff that he would never again see his daughter. Schell then threatened Plaintiff by removing Schell's service weapon from its holster and pointing the firearm at Plaintiff's head, within a few inches of Plaintiff's temple, telling Plaintiff to cease seeking custody of his daughter and to agree to pay any amount of custody sought by Plaintiff's ex-girlfriend and the mother of his daughter. In January or February 2009, Schell, while transporting Plaintiff from Seneca County Jail to a court

---

[1] By Text Order entered March 7, 2016 (Dkt. 67), this case was reassigned to Hon. Lawrence J. Vilardo.
[2] The Facts are taken from the pleadings and motion papers filed in this action.

appearance, struck Plaintiff in the mouth with Schell's service weapon, breaking Plaintiff's tooth.

On June 23, 2011, Plaintiff, then proceeding *pro se*, commenced this action in the Northern District of New York, asserting against Corrections Officer Nicole Briggs ("Briggs"), Seneca County Sheriff's Department ("Seneca County Sheriff") and Seneca County Jail ("the Jail"), civil rights violations under 42 U.S.C. § 1983 ("§ 1983"). On August 30, 2011, the matter was transferred to this court. In an Order filed March 30, 2012 (Dkt. 9), District Judge Michael A. Telesca, dismissed the action with prejudice as against Briggs, the Seneca County Sheriff and the Jail, with leave to replead. Accordingly, on April 24, 2012, Plaintiff filed the Amended Complaint (Dkt. 10), asserting § 1983 claims for false arrest and false statements against Felice and Schell (together, "Defendants"). On September 3, 2014, Plaintiff moved for appointment of counsel (Dkt. 39), which the undersigned granted on November 5, 2014 (Dkt. 43). On June 18, 2015, Plaintiff and Defendants filed a stipulation (Dkt. 54) permitting Plaintiff to file a second amended complaint which Plaintiff filed on July 17, 2015 (Dkt. 56) ("Second Amended Complaint"), asserting two claim for excessive force. In particular, Plaintiff asserts Defendants subjected Plaintiff to excessive force in connection with the incidents of December 11, 2008 ("the first incident"), and January or February 2009 ("the second incident"). In the Second Amended Complaint, Plaintiff asserts two claims for excessive force, including against Felice and Schell in connection with the first incident, Second Amended Complaint ¶¶ 15-18 ("First Claim"), and against Schell in connection with the second incident. *Id.* ¶¶ 19-22 ("Second Claim").

On August 7, 2015, Defendants filed the instant motion (Dkt. 59) ("Defendants' motion"), seeking to dismiss for failure to state a claim the First Claim, and attaching the Memorandum of Law in Support of Defendant's Motion to Dismiss (Dkt. 59-1) ("Defendants' Memorandum").  In opposition to Defendants' motion, Plaintiff filed on September 3, 2015, the Declaration of Michael J. Willett, Esq. (Dkt. 61) ("Willett Declaration"), attaching as Exhibit A (Dkt. 61-1) a copy of a New York State Incident Report issued by the Seneca County Sheriff's Department detailing the events leading to Plaintiff's arrest on December 11, 2008 ("Incident Report"), and a Memorandum of Law (Dkt. 61-2) ("Plaintiff's Memorandum").  On September 18, 2015, Defendants filed the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss (Dkt. 62) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be GRANTED.

## DISCUSSION

**1.     Motion to Dismiss**

Defendants seek to dismiss for failing to state a claim Plaintiff's First Claim asserted against both Felice and Schell.  On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application

of "a 'plausibility standard,' which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face").  The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 570.

"'In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached, and any document upon which the complaint heavily

5

relies.'"  *ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. June 25, 2014) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)).  Here, Plaintiff has not attached any documents to his Complaint, nor does resolution of Defendants' Motion seeking dismissal of the Complaint require reference to any document not incorporated into the Complaint, including the Incident Report.  *See* Fed.R.Civ.P. 12(b)(6) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." (italics added)).

### 2.     Excessive Force

Plaintiff maintains that he was subjected to excessive force in connection with the December 11, 2008 arrest when Defendant Schell brandished his service weapon at Plaintiff, who was handcuffed and seated in Felice's patrol vehicle, and verbally threatened Plaintiff, calling on Plaintiff to cease seeking custody of his daughter.  Defendants argue in support of dismissal of this claim that mere verbal threats and gun-pointing are not excessive force claims.  Defendants' Memorandum at 4-7.  In opposition, Plaintiff argues that because numerous courts have held the pointing of a handgun to be a show of police force to effect an arrest, Plaintiff's First Claim states a plausible claim for excessive force under the Fourth Amendment.  Plaintiff's Memorandum at 5-11.  In further support of dismissal for failure to state a claim, Defendants maintain that in not one of the cases on which Plaintiff relies did the court find an excessive force claim in the absence of any physical contact between law enforcement and an arrestee.  Defendants' Reply at 2-8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that (1) Defendants were state actors or acting under color of state law at the time of the alleged wrongful conduct; and (2) Defendants' wrongful conduct deprived Plaintiff of a right secured to him by the Constitution or federal law. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Nevertheless, "Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source." *Singer v. Fulton County Sheriff*, 53 F.3d 110, 119 (2d Cir. 1995) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). As such, "[i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). "In most instances, [the allegedly infringed right will fall under][3] either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Id.* Further, "the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citations and quotation omitted). Whether Plaintiff's excessive force claim arises under the Fourth, Eighth, or Fourteenth Amendment is significant because the same legal standard applies to an excessive force claim under either the Eighth and the Fourteenth Amendment. *United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999). Under both the Eighth and Fourteenth Amendments, an excessive force claim "has two components – one subjective, focusing

---

[3] Unless otherwise indicated, all bracketed material has been added.

on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Sims v. Artus*, 230 F.3d 14, 20 (2d Cir. 2000). In contrast, excessive force claims in the course of an arrest "are most properly characterized as . . . invoking the protections of the Fourth Amendment," *Graham*, 490 U.S. at 394, under which an exclusively objective analysis of the reasonableness of the defendant's actions is applied. *Anderson v. Branen*, 17 F.3d 552, 558 (2d Cir. 1994) (citing cases). Under the objective reasonableness standard, "the jury need consider only whether the officers acted reasonably in light of the facts and circumstances of the situation they faced, without regard to their underlying motives or subjective intent toward the suspect." *Id.* at 559 (citing *Graham*, 490 U.S. at 397).

      The Second Circuit "think[s] the Fourth Amendment standard probably should be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer." *Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989). In *Powell*, the Second Circuit vacated the trial court's directed verdict in favor of the defendant police officer accused of using excessive force against the plaintiff because if the jury found credible the plaintiff's testimony that after being arrested and taken to the police station, the defendant police officer assaulted and beat the plaintiff causing injuries requiring a cast for one of the plaintiff's arm and a sling for the other, it was possible for the jury to conclude that the defendant police officer's use of force against the plaintiff was not objectively reasonable. *Id.* at 1044. The Second Circuit speculated that the Supreme Court would extend the Fourth Amendment's "'protection against the deliberate use of

8

excessive force beyond the point at which arrest ends and pretrial detention begins'" to the arrested person's arraignment. *Id.* (quoting *Graham*, 490 U.S. at 395 n. 10).

In the instant case, because the alleged conduct of which Plaintiff complains occurred after Plaintiff was taken into custody pursuant to an outstanding arrest warrant, handcuffed, and placed in the patrol vehicle, Plaintiff's excessive force claim is analyzed under the Fourth Amendment which, as discussed, requires consideration of only the objective reasonableness of Defendants' actions. Accordingly, the court considers whether Defendants, during the first incident, by verbally harassing and threatening Plaintiff, as well as pointing a gun at Plaintiff's head, only several inches from Plaintiff's temple, subjected Plaintiff to excessive force in violation of the Fourth Amendment.

With respect to the verbal harassment and threats Schell allegedly directed toward Plaintiff, it is settled that absent any "appreciable injury" verbal harassment is not actionable under § 1983. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (citing *McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir. 1983)). Accordingly, insofar as Plaintiff's First Claim is premised on verbal harassment and threats directed toward him by Schell,[4] Defendants' motion to dismiss for failure to state a claim should be GRANTED.

In contrast, Defendant Schell's alleged pointing his service revolver at Plaintiff's head, only a few inches from Plaintiff's temple, was objectively unreasonable "in light of the facts and circumstances of the situation [Defendants] faced, without regard to their underlying motives or subjective intent toward [Plaintiff]," *Anderson*, 17 F.3d at 559,

---

[4] Although Plaintiff's First Claim is asserted against both Defendants, the factual allegations attribute the alleged threatening and harassing statements only to Schell, yet Defendants do not seek to dismiss the First Claim as against Felice for lack of personal involvement, a point that would be rendered moot assuming, *arguendo*, the District Judge agrees with the recommendation, Discussion, *infra*, at 11-12, that the First Claim be dismissed for failure to state a claim based on qualified immunity considerations.

specifically, that Plaintiff, who did not resist arrest at the courthouse, was seated in the back of the patrol vehicle in handcuffs. *See Mills v. Fenger*, 216 Fed.Appx. 7, 9 (2d Cir. Dec. 26, 2006) (observing that "[Second] Circuit law could very well support [the plaintiff's] claim that a gunpoint death threat issued to a restrained and unresisting arrestee represents excessive force" (citing cases)). In other circuits, similar circumstances have been held sufficient to allege a violation of the Fourth Amendment. *See Robinson v. Solano County*, 278 F.3d 1007, 1015 (9th Cir. 2002) ("We agree with the Fifth Circuit that '[a] police officer who terrorizes a citizen by brandishing a cocked gun in front of that civilian's face may not cause *physical* injury, but he has certainly laid the building blocks for a section 1983 claim against him.'" (italics in original) (quoting *Petta v. Rivera*, 143 F.3d 895, 905 (5th Cir. 1998) (holding no "severe" or "significant" injury is required to establish excessive force was used in the course of an arrest so long as the arresting officer's actions were "grossly disproportionate to the need for action")); *Jacobs v. City of Chicago*, 215 F.3d 758, 774 (7th Cir. 2000) (holding police officer's pointing gun at apartment resident's head for more than ten minutes after breaking down door to apartment, without any probable cause to believe the resident was a dangerous criminal or involved in any criminal activity, was use of deadly force in violation of the Fourth Amendment). Here, the circumstances, as pleaded in the Amended Complaint, plausibly state a claim against Schell[5] for excessive force in violation of the Fourth Amendment. Accordingly, Defendants' motion to dismiss for failure to state a claim should be DENIED as to this aspect of the First Claim.

---

[5] Although Felice is not alleged to have threatened Plaintiff with a gun, Defendants do not seek dismissal for lack of personal involvement on this ground.

### 3.     Qualified Immunity

Defendants alternatively argue they are entitled to qualified immunity with regard to the First Claim because neither the Supreme Court nor the Second Circuit has ever sustained an excessive force claim in the absence of any physical contact.  Defendants' Memorandum at 7-9.  In opposition, Plaintiff argues that his Fourth Amendment right to be free from unreasonable seizure was established by December 11, 2008, precluding qualified immunity in this case.  Plaintiff's Memorandum at 12-14.  In further support of qualified immunity, Defendants reiterate that neither the Supreme Court not the Second Circuit has ever sustained an excessive force claim in the absence of any physical contact, thereby establishing Defendants are qualifiedly immune from liability on the First Claim.  Defendants' Reply at 8-10.

"The defense of qualified immunity 'shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware." *Figueroa v. Mazza*, __ F.3d __, 2016 WL 3126772, at * 6 (2d Cir. June 3, 2016) (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013)).  The qualified immunity doctrine "aims to give officials room to act with confidence in gray areas by absolving from personal liability 'all but the plainly incompetent or those who knowingly violate the law.'"  *Id.* (quoting *Mullenix v. Luna*, __ U.S. __, 136 S.Ct. 305, 308 (2015)).

In the instant case, although Plaintiff has alleged a violation of the Fourth Amendment based on excessive force after Plaintiff was arrested, the law in the Second Circuit was unclear at the time of the arrest as to whether a police officer's aiming his

11

service weapon at an arrestee's head, mere inches from the temple, *after* the arrestee was handcuffed and restrained inside the police officer's patrol vehicle, and unaccompanied by any physical contact, constituted a Fourth Amendment excessive force violation.  Significantly, none of the cases cited by the parties in support of their respective positions on Defendants' motion address whether an excessive force claim can lie under the Fourth Amendment in the absence of any physical contact, nor has the court's research revealed any within the Second Circuit.[6]  Defendants thus are entitled to qualified immunity on this claim and Defendants' motion should be GRANTED based on qualified immunity.

### 4. Leave to Further Amend

Plaintiff requests that if Defendants' motion to dismiss is granted, the court also grant Plaintiff leave to amend to file a further amended complaint.  Plaintiff's Memorandum at 15.  Although generally, the dismissal of a claim for failure to state a claim for which relief can be granted is without prejudice and with leave to amend, where amendment would be futile, dismissal may be with prejudice and without leave to amend.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  As relevant to the instant case, because the problems with Plaintiff's First Claim are substantive insofar as qualified immunity will bar any excessive force claim that does not include any allegation of physical contact, Plaintiff's First Claim against Defendants should be dismissed with prejudice.  *Cuoco*, 222 F.3d at 112.

---

[6] The court notes that the Second Circuit did not hold that "a gunpoint death threat issued to a restrained and unresisting arrestee represents excessive force" under the Fourth Amendment, *Mills*, 216 Fed.Appx. at 9, but only suggested as much.  Specifically, the Second Circuit considered the plaintiff's deposition testimony that the defendant police officer made the threat while holding his weapon to be "vagueness as to what precisely the [defendant police officer] did with the gun," and that such vagueness was fatal to a finding that "the comment was sufficiently threatening to constitute excessive force."  *Id.*

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 59), should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	August 18, 2016
	Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   August 18, 2016
         Buffalo, New York